# Illinois Official Reports

## Appellate Court

*Beneficial Illinois Inc. v. Parker*, 2016 IL App (1st) 160186

| | |
|---|---|
| Appellate Court Caption | BENEFICIAL ILLINOIS INC., d/b/a BENEFICIAL MORTGAGE COMPANY OF ILLINOIS, Plaintiff-Appellee, v. RANDALL PARKER a/k/a RANDALL W. PARKER; MARVELENE PARKER; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, Defendants (Randall Parker a/k/a Randall W. Parker, Defendant-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-16-0186 |
| Filed | December 12, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-39557; the Hon. Anthony Kyriakopoulos, Judge, presiding. |
| Judgment | Affirmed in part, reversed and remanded in part. |
| Counsel on Appeal | Consumer Legal Group, P.C., of Matteson (Lloyd Brooks, of counsel), for appellant.<br><br>Anselmo Lindberg Oliver, LLC, of Naperville (Robert J. Deisinger, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Justices Simon and Mikva concurred in judgment and opinion. |

## OPINION

¶ 1    Defendant-appellant, Randall Parker (Randall), refinanced his home loan mortgage with plaintiff-appellee, Beneficial Illinois Inc., d/b/a Beneficial Mortgage Company of Illinois (Beneficial), in July 2007. In October 2008, he stopped making the required payments and Beneficial instituted a foreclosure proceeding in October 2009. In June 2010, Randall attempted to rescind the mortgage by mailing a letter to Beneficial. Beneficial never responded and proceeded with the foreclosure litigation. In September 2010, Randall filed a counterclaim and affirmative defenses. After briefing, the circuit court dismissed the counterclaims and affirmative defenses as untimely. Eventually, Beneficial voluntarily dismissed its foreclosure proceeding and Randall now appeals the dismissal of his affirmative defense and counterclaims.

¶ 2    For the following reasons, we agree that Randall properly invoked the rescission mechanism when he sent Beneficial the rescission letter. We also reverse the dismissal of Randall's counterclaim related to Beneficial's failure to honor the rescission letter. However, his counterclaim related to Beneficial's failure to disclose certain information when the loan closed is time barred.

¶ 3                                    JURISDICTION

¶ 4    Beneficial filed this foreclosure action on October 15, 2009. On September 1, 2010, Randall filed an answer, affirmative defense, and counterclaims. On September 5, 2014, the circuit court granted Beneficial's motion to dismiss Randall's affirmative defense and counterclaims. On December 15, 2015, the circuit court granted Beneficial's motion to voluntarily dismiss the foreclosure action. Thereafter, on January 14, 2016, Randall filed his notice of appeal. Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6, of the Illinois Constitution, and Illinois Supreme Court Rules 301 and 303. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 5                                    BACKGROUND

¶ 6    On July 9, 2007, Beneficial made a loan to Randall and his wife.[1] The loan was secured with a mortgage against Randall's home. In connection with the loan, Beneficial tendered to Randall a loan agreement (Loan Agreement) outlining the terms of the loan. Based on the terms of the loan, Randall was required to start making payments on August 9, 2007.

¶ 7    The Loan Agreement contained a Truth in Lending Disclosure (TILD). The TILD disclosed estimated terms of the loan, including the finance charges, total number of payments, and when payments are due. In October 2008, Randall and his wife failed to make the required loan payment as set forth in the Loan Agreement. Thereafter, on October 15, 2009, Beneficial filed a foreclosure action seeking to foreclose on Randall's mortgage.

¶ 8    On June 16, 2010, Randall, through counsel, wrote to Beneficial to provide notice that Randall elected to rescind the Loan Agreement. The letter requested that Beneficial acknowledge Randall's right to rescission as required by the Truth in Lending Act (TILA) (15 U.S.C. § 1601 *et seq.* (2012)). The letter also requested that Beneficial provide Randall

---

[1]Due to proceedings not relevant here, Marvelene Parker is not a party to this appeal.

with a loan history so he could determine what amount he might have to repay. Beneficial did not respond to Randall's rescission notice and continued to proceed with the foreclosure proceeding. On September 1, 2010, Randall filed an answer, an affirmative defense, and two counterclaims against Beneficial. In his affirmative defense, Randall argued that he timely delivered a letter rescinding the Loan Agreement, thereby extinguishing the mortgage. In addition, his counterclaims sought actual and statutory damages for Beneficial's failure to honor the rescission and for making improper disclosures when the loan closed.

¶ 9    Beneficial eventually filed a motion to dismiss both the affirmative defense and the counterclaims. Beneficial argued that all of the claims were time barred by TILA's three year statute of repose. Additionally, Beneficial argued that the two counterclaims were barred by TILA's one year statute of limitations. After briefing, the circuit court agreed with Beneficial and found the affirmative defense and counterclaims time barred. Specifically, the circuit court found Randall's failure to file a court action seeking rescission within three years of the loan being made barred his rescission affirmative defense. The court also found Randall's damage counterclaim based on misleading disclosures was also time barred. The circuit court did not specifically rule on the counterclaim related to failing to respond to the rescission letter.

¶ 10    The foreclosure proceeding continued until Beneficial voluntarily agreed to dismiss the foreclosure action on December 15, 2015. Randall filed a notice of appeal on January 14, 2016, and this appeal followed.

¶ 11                                              ANALYSIS

¶ 12    On appeal, Randall challenges the dismissal of his affirmative defense and his counterclaims. As to his affirmative defense of rescission, Randall argues that a recent United States Supreme Court case demonstrates that only a letter needs to be sent to the lender in order to invoke TILA's rescission clause and therefore his rescission of the loan was timely. He also argues his damages counterclaims are not time barred.

¶ 13    In this case, Beneficial moved to dismiss Randall's affirmative defenses pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2014)). Section 2-619.1 of the Code permits combined motions pursuant to sections 2-615, 2-619, and 2-1005. 735 ILCS 5/2-619.1 (West 2014). On appeal, a *de novo* standard of review applies whether the motion was granted pursuant to either section 2-615 or section 2-619. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 15 (section 2-615 motion is reviewed *de novo*); *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009) (section 2-619 motion is reviewed *de novo*).

¶ 14    Turning to Randall's first issue, he argues, and Beneficial concedes, that his mailing of the rescission letter to Beneficial was the only step he needed to take in order to rescind the loan under TILA. In its ruling dismissing the affirmative defense and counterclaims, the circuit court found the rescission affirmative defense to be untimely because Randall filed his affirmative defense outside the three year window provided for in section 1635(f). 15 U.S.C. § 1635(f) (2012). After granting the dismissal, the United States Supreme Court took up the issue now before this court and determined that the statutory language of TILA did not require the filing of a lawsuit in order to rescind a loan agreement. *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. ___, 135 S. Ct. 790 (2015). In analyzing the language of section 1635(a) the Court stated, "[t]he language leaves no doubt that rescission is effected when the

borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." *Id.* at ___, 135 S. Ct. at 792.

¶ 15     In its brief before this court, Beneficial concedes that, pursuant to *Jesinoski*, Randall timely elected to rescind the Loan Agreement when he sent the letter on June 16, 2010. Since Randall mailed a letter within three years of the Loan Agreement being made, the circuit court erred in dismissing Randall's rescission affirmative defense. Accordingly, this portion of the circuit court's order is reversed.

¶ 16     Beneficial also concedes that, pursuant to *Jesinoski*, Randall's damages claim based on the failure to honor the rescission letter is timely.[2] Section 1635(b) states, "[w]ithin 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b) (2012). Section 1640 provides for civil liability for any creditor "who fails to comply with any requirement imposed under this part, including any requirement under section 1635." 15 U.S.C. § 1640(a) (2012). Any action based on such a violation must be brought within one year of the occurrence. 15 U.S.C. § 1640(e) (2012).

¶ 17     Randall mailed his notice of rescission on or about June 16, 2010, and pursuant to section 1635(b), Beneficial would have 20 days after receipt of the notice to take all necessary steps to effectuate the recession. In his counterclaim, Randall alleges Beneficial never responded to the rescission notification. Randall filed his counterclaim for damages on September 1, 2010, well within the one year statute of limitations provided for in section 1640(e). Accordingly, Randall's counterclaim for damages related to the failure to respond to the rescission letter was timely filed and the circuit court erred in dismissing it. We therefore reverse that portion of the circuit court's order.

¶ 18     In his third issue, Randall challenges the circuit court's dismissal of his counterclaim for failing to make the proper disclosures pursuant to TILA when the loan closed. TILA states that if a creditor fails to adequately provide the necessary disclosures, a claim for damages may be brought. 15 U.S.C. § 1640(a) (2012). Such an action must be brought within one year. 15 U.S.C. § 1640(e) (2012). However, section 1640(e) also provides,

> "This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." *Id.*

Accordingly, TILA allows for an untimely TILA claim if it is brought as a defensive recoupment or set-off, "except as otherwise provided by State law." *Id.* Illinois courts have interpreted this to mean a damages claim may be brought beyond TILA's statute of limitations if it is brought as a defense in recoupment under Illinois law. *U.S. Bank National Ass'n v. Manzo*, 2011 IL App (1st) 103115, ¶ 51 (citing *Mt. Vernon Memorial Estates, Inc. v.*

---

[2]While the circuit court did not address this counterclaim, Beneficial does not argue that Randall has waived review of the issue. In this respect, we note that the waiver rule "is a limitation on the parties and not the jurisdiction of the courts" and we choose to address this issue on the merits. *Committee for Educational Rights v. Edgar*, 174 Ill. 2d 1, 11 (1996).

*Wood*, 88 Ill. App. 3d 666 (1980)). Illinois law does not have a provision directly addressing a TILA recoupment claim, but Illinois courts have allowed them when brought pursuant to section 13-207 of the Code. *Id.*; 735 ILCS 5/13-207 (West 2014). However, such a recoupment claim must meet the requirements of section 13-207. *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 445-46 (2005).

¶ 19       Section 13-207 of the Code states:

> "A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which is owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim as so barred, and not otherwise." 735 ILCS 5/13-207 (West 2014).

Illinois courts view section 13-207 to allow a defendant to file a counterclaim even if the claim would have been time barred if brought as a separate action. *Cameron General Corp. v. Hafnia Holdings, Inc.*, 289 Ill. App. 3d 495, 505-06 (1997). However, in order to bring a time-barred counterclaim pursuant to section 13-207, the counterclaim must not have been time barred when the cause of action forming the basis of the primary complaint arose. *Canada Life Assurance Co. v. Salwan*, 353 Ill. App. 3d 74, 80 (1990).

¶ 20       The circuit court found Randall's damages claim related to the improper disclosures could not be saved by section 13-207 because by the time Beneficial's foreclosure action accrued, the statute of limitation for failing to make the proper disclosures had already run. The improper disclosures were made on July 9, 2007, so Randall would have one year, or until July 9, 2008, to file a complaint. Beneficial's foreclosure action arose in October 2008, when Randall failed to make the required monthly payment. At this point, Randall's claim for damages related to the disclosures was already time barred. Accordingly, this counterclaim could not be saved by section 13-207.

¶ 21       Relying on *Manzo*, 2011 IL App (1st) 103115, and *Barragan*, 216 Ill. 2d 435, Randall argues section 13-207 does not bar his claim based on misleading disclosures, but rather represents an independent basis to save a TILA claim and does not interfere with section 1640(e). We disagree both with Randall's interpretation of the law and his reliance on *Manzo* and *Barragan*.

¶ 22       As previously noted, TILA allows for an untimely TILA claim if it is brought as a defensive recoupment or set-off, "*except as otherwise provided by State law*." (Emphasis added.) 15 U.S.C. § 1640(e) (2012). Illinois courts have consistently found that an otherwise untimely TILA claim may be brought as defensive recoupment if it meets the requirements of the applicable Illinois law. See *Wood Acceptance Co. v. King*, 18 Ill. App. 3d 149, 151 (1974) (allowing a untimely TILA counterclaim because it met the requirements under section 17 of the Limitations Act (Ill. Rev. Stat. 1971, ch. 83, ¶ 18))[3]; see also *Public Finance Corp. v. Riddle*, 83 Ill. App. 3d 417, 422 (1980) (allowing a TILA counterclaim brought pursuant to section 17 of the Limitations Act).

¶ 23       Despite Randall's claims to the contrary, the counterclaims at issue in both *Barragan* and *Manzo* were brought in conformity with section 13-207. As the *Barragan* court stated, "the saving provision [(section 13-207)] comes into play in this case because Casco owned its contribution claim—the one that Osman countered—before Osman's counterclaim was

_____

[3]Section 17 of the Limitations Act was the precursor to the current statute (735 ILCS 5/13-207 (West 2014)).

barred." 216 Ill. 2d at 445. Osman's claim against Casco for contribution arose on July 25, 1997, and would become time barred on July 25, 1999. *Id.* Casco's original contribution against Osman arose on September 15, 1997, well before Osman's claim became time-barred in July 1999. *Id.* at 446. Thus, the court concluded, "Casco 'owned' the claim that formed the subject of Osman's counterclaim within the meaning of section 13-207," and Osman's counterclaim was not barred. *Id.*

While not discussed by the court in *Manzo*, the facts of that case show that Manzo's counterclaim was not time barred when U.S. Bank's foreclosure action arose. Manzo's counterclaim, like Randall's in this case, related to U.S. Bank's failure to make certain disclosures when the loan closed on November 18, 2005. *Manzo*, 2011 IL App (1st) 103115, ¶ 3. Pursuant to section 1640(e), the Manzos would have one year before such a claim became time barred. *Id.* ¶ 48. Less than a year later, on August 11, 2006, U.S. Bank filed the foreclosure action. *Id.* ¶ 3. Therefore, when U.S. Bank foreclosure action arose, the Manzos' damages claim had yet to be time barred. The *Manzo* court concluded the counterclaim was properly brought pursuant to section 13-207 and reversed the circuit court's dismissal of it. *Id.* ¶ 55.

Despite Randall's claims to the contrary, the counterclaims in *Manzo* and *Barragan* complied with section 13-207. Accordingly, we reject Randall's argument that his untimely counterclaim does not need to comply with section 13-207 and affirm its dismissal.

## CONCLUSION

Based on the foregoing, we affirm the part of the decision of the circuit court that found Randall's counterclaim for wrongful disclosures to be time-barred, but we reverse the decision of the circuit court with respect to Randall's rescission affirmative defense and counterclaim based on Beneficial's failure to timely respond to the rescission letter. We therefore remand this case for further proceedings.

Affirmed in part, reversed and remanded in part.