# Illinois Official Reports

## Appellate Court

---

### *Cach, LLC v. Moore*, 2019 IL App (2d) 180707

---

| | |
|---|---|
| Appellate Court Caption | CACH, LLC, Plaintiff-Appellant, v. LORETTA K. MOORE, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-18-0707 |
| Rule 23 order filed Modified opinion upon denial of rehearing filed | May 16, 2019<br><br>June 25, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 17-SC-2746; the Hon. Alice C. Tracy, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Nicole M. Strickler and Kevin S. Borozan, of Messer Strickler, Ltd., of Chicago, for appellant.<br><br>Ronald O. Roeser, of Roeser & Vucha, LLC, of Elgin, for appellee. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Hutchinson and Spence concurred in the judgment and opinion.

## OPINION

¶ 1    The plaintiff, CACH, LLC, filed against the defendant, Loretta K. Moore, a complaint alleging a cause of action for an account stated, to recoup a balance due on a delinquent credit card account. The defendant filed a motion to dismiss, alleging, in part, that the cause of action was barred by the statute of limitations. The trial court granted the defendant's motion, finding that the claim was time-barred. The plaintiff appeals from that order. We reverse and remand for additional proceedings.

¶ 2                                    BACKGROUND

¶ 3    On August 9, 2017, the plaintiff filed its complaint, alleging that in November 2001 the defendant was issued a credit card by a bank. The defendant used the credit card and made payments on amounts due. However, the defendant ultimately defaulted on her obligation to make the payments due, and she made her last payment on August 24, 2012.

¶ 4    The plaintiff further alleged that the bank charged off the account as a loss on April 10, 2013. On March 21, 2014, the plaintiff purchased the account from the bank, as evidenced by a bill of sale and affidavits attached to the complaint. The plaintiff alleged that the amount due on the account was $6545.23 and that the defendant had refused the plaintiff's demands for payment. The plaintiff also attached to the complaint two monthly statements. One of the statements, with a billing period of August 14 to September 12, 2012, showed a payment of $10,000 received on August 14, 2012, and a payment of $2568.72 received on August 24, 2012. The other statement, with a billing period of March 14 to April 10, 2013, showed a final balance on the account of $6682.12, with payment in full due by May 8, 2013.

¶ 5    On May 18, 2018, the defendant filed a motion to dismiss the plaintiff's complaint, pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2016)). The defendant asserted that a five-year limitations period applied because the complaint was based on an unwritten contract. The defendant argued that the limitations period began to run when she last used her credit card, on November 1, 2010, and that thus the complaint, not filed until 2017, was barred. The defendant further argued that an account stated required mutual assent as to the correctness of the amount due. Because the check for her last payment, dated August 21, 2012, included a note on its face indicating that it was payment in full, there was no agreement between the parties as to the amount owed and thus no basis for an account stated. The defendant also argued that the complaint violated section 8b of the Collection Agency Act (Act) (225 ILCS 425/8b (West 2016)) because the attachments to the complaint failed to state the consideration paid for the account. Finally, the defendant argued that the complaint was not clear as to whether the balance due was only for interest, in which case the claim for an account stated failed because an agreement to pay interest must be in writing.

¶ 6        On May 18, 2018, the defendant filed an affidavit stating that she last used the credit card on November 1, 2010. She also stated that she "objected to the debt by way of correspondence and phone calls to [the bank]. When the account would not be adjusted, [she] made a payment in August 2012 by check upon which she marked it payment in full." The defendant attached a copy of her check, dated August 21, 2012, in the amount of $2568.72, with a note on the lower left memo line saying "pmt in full."

¶ 7        On June 27, 2018, the plaintiff filed a response to the defendant's motion to dismiss. The plaintiff argued that its complaint was timely because the five-year limitations period did not begin to run until the plaintiff received the defendant's last payment on August 24, 2012, and the plaintiff's complaint was filed less than five years later. Additionally, citing section 8.6 of the Act (225 ILCS 425/8.6 (West 2016)), the plaintiff argued that the Act was amended in January 2013 such that a debt buyer was not required to comply with the pleading requirements of section 8b. The plaintiff argued that it complied with the pleading requirements of section 2-403 of the Code (735 ILCS 5/2-403 (West 2016)) and thus had standing to file suit. The plaintiff alleged that an account stated was created by the defendant's use of the credit card, the bank's subsequent payment of the charges, and the defendant's acceptance of monthly statements and making of corresponding payments.

¶ 8        On August 2, 2018, following a hearing, the trial court denied the defendant's motion to dismiss with regard to the defendant's argument that the plaintiff had not properly alleged an account stated, but it granted the defendant's motion on the basis that the complaint was barred by the statute of limitations. The trial court indicated that the limitations period commenced when the defendant last used her credit card, in November 2010. The plaintiff filed a timely notice of appeal from this order.

¶ 9                                                    ANALYSIS

¶ 10       On appeal, the plaintiff argues that the trial court erred in finding that the limitations period began to run on the date of the last use of the credit card. The plaintiff argues that partial payment of a debt tolls the limitations period such that it began to run on the date of the defendant's last payment on the credit card. Because the defendant's last payment was received on August 24, 2012, the plaintiff contends that the complaint, filed in August 2017, was within the five-year limitations period.

¶ 11       A section 2-619 motion to dismiss admits the legal sufficiency of a complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. *Neppl v. Murphy*, 316 Ill. App. 3d 581, 584 (2000). In ruling on a motion to dismiss under section 2-619, the trial court may consider pleadings, depositions, and affidavits. *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995). Where a claim has been dismissed pursuant to section 2-619, we must determine whether there is a genuine issue of material fact and whether the defendant is entitled to judgment as a matter of law. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 494 (1994). We accept all well-pleaded facts as true, and we draw all reasonable inferences in favor of the plaintiff. *Villanueva v. Toyota Motor Sales, U.S.A., Inc.*, 373 Ill. App. 3d 800, 802-03 (2007). We review *de novo* the trial court's ruling on a motion to dismiss. See *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31.

¶ 12       In the present case, the trial court erred in finding that the limitations period began to run on the date the credit card was last used. As the defendant points out, the issuance of a credit

card and a cardholder agreement constitutes a standing offer to extend credit, and each time a credit card is used, a separate contract is formed. *Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill. App. 3d 642, 649 (2009). This is considered an oral contract, subject to the five-year limitations period set forth in section 13-205 of the Code (735 ILCS 5/13-205 (West 2016)). *Feltman*, 391 Ill. App. 3d at 652. However, there is little Illinois case law setting out how to determine when the limitations period begins to run on a delinquent credit card account. The general principle is that a limitations period begins to run when a party has the right to invoke the aid of the court and to enforce his remedy. *Rohter v. Passarella*, 246 Ill. App. 3d 860, 869 (1993). Further, "a cause of action accrues when the plaintiff knows or reasonably should know of the injury and that the injury was wrongfully caused." *Continental Casualty Co. v. American National Bank & Trust Co. of Chicago*, 329 Ill. App. 3d 686, 700-01 (2002). There is no indication in the record that defendant was delinquent when she last used the credit card. Additionally, there is no case law to support the proposition that the limitations period automatically begins to run on the date of the last use of a credit card. Thus, we cannot agree with the trial court that the limitations period commenced on that date here.

¶ 13 Further, there is no evidence in the record as to when the defendant became delinquent or other facts that would allow us to state as a matter of law when the limitations period commenced. The defendant's affidavit stated that she objected to the debt by way of phone calls and correspondence, but she did not say when any of that occurred or include any of the alleged correspondence. It is well settled that a violation of a statute of limitations is an affirmative defense, which must be pleaded and proved by the defendant. *Goldman v. Walco Tool & Engineering Co.*, 243 Ill. App. 3d 981, 989 (1993). Accordingly, the trial court erred in dismissing the plaintiff's complaint. Because the defendant failed to establish when the limitations period commenced, we need not determine whether either of the defendant's August 2012 payments tolled it.

¶ 14 The defendant argues that the dismissal can be affirmed on the basis that there was an accord and satisfaction. Specifically, she argues that, because her last payment included a note that it was "pmt in full," the dispute was settled when the plaintiff cashed her check. However, the defendant has not established an accord and satisfaction sufficient to warrant dismissal. One of the elements of an accord and satisfaction is a *bona fide* dispute. *Sherman v. Rokacz*, 182 Ill. App. 3d 1037, 1043 (1989). Although the defendant's affidavit indicated that there was a dispute over the amount owed on the account, this was not sufficient to establish that it was a *bona fide* dispute. See *id.* at 1045 (merely asserting the existence of a dispute does not establish that it was a *bona fide* dispute). Accordingly, we decline to affirm on the basis of an accord and satisfaction.

¶ 15 The defendant also argues that the dismissal can be affirmed on the basis that the claim is only for interest. The defendant cites *Gonzalez v. Danaher*, 30 Ill. App. 3d 992, 994 (1975), for the proposition that interest cannot be recovered in the absence of a contractual or statutory provision. Contrary to the defendant's assertion, the record does not establish that the amount claimed to be due is interest only. The first statement in the record, with a payment due date of October 8, 2012, indicated that the balance due was $5536.76 and that, of that amount, $155.76 was interest. The statement also indicated that the total amount of interest charged in 2012 was $4220.92. The other statement, with a May 8, 2013, due date, showed a balance due of $6682.12, a current interest charge of $136.99, and a total 2013 interest charge of $558.12.

Adding the interest from the two statements does not establish that the amount due is interest only. The defendant's argument necessarily fails.

¶ 16 Moreover, an account stated is an agreement between persons who have had prior transactions that the account representing those transactions is true and that the balance stated for those transactions is correct, with an express or implied promise for the payment of such balance. *Patrick Engineering*, 2012 IL 113148, ¶ 56. It is axiomatic that an account stated for a delinquent credit card account could include late-payment fees and interest if the cardholder agreed, through the cardholder agreement, to pay such fees and interest.

¶ 17 CONCLUSION

¶ 18 For the foregoing reasons, the judgment of the circuit court of Kane County is reversed and the case is remanded for additional proceedings.

¶ 19 Reversed and remanded.