2022 IL App (3d) 210210

Opinion filed May 18, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois. |
| | ) | |
| | ) | Appeal No. 3-21-0210 |
| v. | ) | Circuit No. 15-AR-0663 |
| | ) | |
| STEVE S. YUN, | ) | Honorable |
| | ) | Roger D. Rickmon, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Daugherity and Holdridge concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        A debtor appeals the dismissal of his Fair Credit Reporting Act (FCRA) (15 U.S.C. § 1681

*et seq.* (2018)) counterclaim against a creditor.

¶ 2                                    I. BACKGROUND

¶ 3        The dispute between the plaintiff creditor, Bank of America, N.A. (Bank), and the

defendant debtor, Steve S. Yun, has been before us before. *Bank of America, N.A. v. Yun*, 2020 IL

App (3d) 180691-U. The underlying facts are that the Bank filed an amended complaint against

Yun, alleging breach of contract and account stated after Yun failed to pay on his credit card

account with the Bank. Yun answered the amended complaint, asserting various affirmative defenses and counterclaims against the Bank, including claims that the Bank violated the federal Truth in Lending Act (TILA) (15 U.S.C. § 1601 *et seq.* (2018)) and the federal FCRA (15 U.S.C. § 1681 *et seq.* (2018)). The Bank filed motions to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)), arguing that the counterclaims were time-barred by the applicable statutes of limitations. The trial court granted the motions, and the Bank orally moved to voluntarily dismiss all of its claims against Yun. On appeal, we affirmed the dismissal of Yun's TILA-based counterclaims, reversed the dismissal of Yun's FCRA-based counterclaim, and remanded the action for further proceedings on the FCRA counterclaim.

¶ 4        On remand, Yun filed a motion to amend his FCRA counterclaim to include a prayer for punitive damages. That motion was denied without prejudice on January 25, 2021. The Bank filed a motion to dismiss the FCRA counterclaim on the basis that it failed as a matter of law because Yun did not present any evidence that the Bank ever received a dispute from TransUnion in 2014. Yun then filed a motion for civil contempt and a motion to dismiss the Bank's motion to dismiss. The trial court denied Yun's motions and then granted the Bank's motion to dismiss the FCRA counterclaim with prejudice. Yun appealed the January 25, 2021, order denying leave to amend, the April 12, 2021, order denying his motion for civil contempt and to dismiss the motion to dismiss, and the April 19, 2021, order granting the Bank's motion to dismiss.

¶ 5                                    II. ANALYSIS

¶ 6        Yun argues that the trial court erred in granting the Bank's motion to dismiss his FCRA counterclaim because the Bank did not provide any admissible affirmative matter to negate the counterclaim. The Bank argues that Yun's sole remaining claim, based on the FCRA, failed as a matter of law.

2

¶ 7        Section 2-619 of the Code allows a litigant to obtain an involuntary dismissal of an action or claim based upon certain defects or defenses. See 735 ILCS 5/2-619 (West 2018); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). In a proceeding pursuant to section 2-619(a)(9) of the Code, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter to defeat the nonmoving party's claim. 735 ILCS 5/2-619(a)(9) (West 2018); *Van Meter*, 207 Ill. 2d at 367. In ruling on such a motion, the trial court must construe all the pleadings and supporting documents in the light most favorable to the nonmoving party, accept all well-pled facts as true, and draw whatever inferences may be reasonably drawn in favor of the plaintiff. *Doe v. University of Chicago Medical Center*, 2015 IL App (1st) 133735 ¶ 35. We review *de novo* a dismissal pursuant to section 2-619 of the Code. *Van Meter*, 207 Ill. 2d at 368.

¶ 8        Under the FCRA, when a consumer directly notifies a consumer credit reporting agency (CRA) of alleged errors in the consumer's credit report relative to a particular party that has furnished information to the agency about the consumer, the agency is required to notify the furnishing party of the dispute notice, and the furnishing party must investigate the matter and respond to the agency within 45 days. See 15 U.S.C. §§ 1681i(a), 1681s-2(b) (2018). Failure to comply with the requirements of the FCRA may subject a furnishing party to civil liability for actual damages, costs, attorney fees, and, in some cases, punitive damages. See 15 U.S.C. §§ 1681n, 1681o (2018). Under section 1681s-2 of the FCRA, the duty to investigate does not arise until after a CRA notifies the creditor of a dispute. *Fishback v. HSBC Retail Services Inc.*, 944 F. Supp. 2d 1098, 1108 (D.N.M. 2013).

¶ 9        Yun alleged in his FCRA counterclaim that in September 2014 he notified a CRA (TransUnion) of the Bank's alleged billing errors, the Bank failed to correct those errors, and the Bank issued allegedly erroneous negative credit reports based on those errors. In moving to dismiss

3

pursuant to section 2-619(a)(9) of the Code, the Bank submitted the declaration of Tom Jordan, the assistant vice president and the Bank's operations consultant in the legal order and case resolution operations group. Jordan declared that the Bank did not have a record of receiving any automatic consumer dispute verifications (ACDVs) regarding Yun's account from any CRA in September or October 2014. Yun argues that the declaration was insufficient because it was not an affidavit and also that the declaration did not provide any affirmative matter.

¶ 10    We find that the declaration was sufficient in form since the information was based upon Jordan's personal knowledge and a search of the Bank's records and the declaration was made under penalty of perjury. See Ill. S. Ct. R. 191 (eff. Jan. 4, 2013) ("shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; *** and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto"); see also 735 ILCS 5/1-109 (West 2018) ("Unless otherwise expressly provided by rule of the Supreme Court, whenever in this Code any *** affidavit, return or proof of service, or other document or pleading filed in any court of this State is required or permitted to be verified, or made, sworn to or verified under oath, such requirement or permission is hereby defined to include a certification of such pleading, affidavit or other document under penalty of perjury as provided in this Section.").

¶ 11    While the form of the declaration was sufficient in support of a motion to dismiss pursuant to section 2-619 of the Code, we find that the substance was not "affirmative matter" but rather "evidence that refutes a well-pleaded fact of the complaint." *Griffin v. Universal Casualty Co.*, 274 Ill. App. 3d 1056, 1063 (1995) (citing *Chicago Title & Trust Co. v. Weiss*, 238 Ill. App. 3d 921 (1992)). Since the declaration denied a substantial allegation of the counterclaim, it simply identified a factual matter that was not appropriate for a motion to dismiss pursuant to section 2-

4

619(a)(9) of the Code. Thus, we reverse the April 19, 2021, order granting the Bank's motion to dismiss Yun's FCRA counterclaim.

¶ 12    We affirm the January 25, 2021, order denying Yun's motion to amend his FCRA counterclaim to include a prayer for punitive damages. Yun argues that the trial court erred in denying his motion to amend to allege a willful violation of the FCRA by the Bank and include a prayer for punitive damages. The Bank argues that the trial court did not abuse its discretion in denying the motion to amend. Under the FCRA, punitive damages are only available if a defendant acted willfully. See 15 U.S.C. § 1681n (2018). Willfulness is conduct that creates " 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.' " *Redman v. RadioShack Corp.*, 768 F.3d 622, 627 (7th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Yun alleged that the Bank willfully committed fraudulent billing errors in violation of the FCRA and reported that information to the CRAs. Yun alleges that TransUnion informed the Bank of the error and the Bank failed to take any action, in violation of the FCRA. As the trial court pointed out, the motion does not allege any facts to support an allegation of a willful violation of the FCRA, and it encouraged Yun to refile if discovery uncovered any facts to support the claim. That decision was not an abuse of discretion. See *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 351 (2002) (we review a trial court's decision on a motion to amend for an abuse of discretion).

¶ 13    Lastly, Yun argues that the trial court erred by denying his motion for civil contempt, contending that the Bank manipulated court orders and submitted court orders without the consent of Yun and the trial court. This argument is belied by the record. With respect to the subpoena sought by Yun, the language sought by Yun was not the language approved by the trial court nor the order of the trial court. The trial court never agreed to Yun's request to subpoena the Bank's

5

entire digital record of ACDVs from TransUnion between September and December 2014. The trial court did order the Bank to make Tom Jordan available for a deposition within 30 days and informed Yun that he could request Jordan bring certain documents for the deposition. According to the record, Yun never took Jordan's deposition. Thus, we affirm the April 12, 2021, order denying Yun's motion for civil contempt.

¶ 14                                    III. CONCLUSION

¶ 15        The judgment of the circuit court of Will County is reversed as to the order granting the Bank's motion to dismiss. The remaining orders of the trial court are affirmed.

¶ 16        Affirmed in part and reversed in part.

¶ 17        Cause remanded.

2022 IL App (3d) 210210

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 15-AR-0663; the Hon. Roger D. Rickmon, Judge, presiding. |
| **Attorneys for Appellant:** | Steve S. Yun, of Bolingbrook, appellant *pro se*. |
| **Attorneys for Appellee:** | Susan E. Groh, of McGuire Woods LLP, of Chicago, for appellee. |